Brinkerhoff, J.
The claim of the relator to be paid his wages, as a teacher, out of the township treasury, depends on the question whether the township board of education had the rightful authority, paramount to any authority of the local directors, to determine the precise locality of the school within the sub-district, and to prescribe to the local directors the particular place within the sub-district in which the school should be kept. If the township board had such authority, then the local directors of the sub-district, in persisting in building a school house, and causing a district school to be kept upon the old site after they had been duly notified of the determination of the township board to sell the old site, and to have a school house built upon the new one which had been purchased for that purpose, were guilty of acts of insubordination and neglect, which gave the township board a perfect legal warrant, under the provisions of the thirteenth section of the act of March 14, 1853, “to provide for the reorganization, supervision and maintainance of common schools,” to exercise all the powers otherwise conferred on the local directors, and, of course, to. employ a teacher, and to draw an order on the township treasurer, in his favor, for the amount of his wages.
Section 1, of the act above referred to, provides:
“ That each and every organized township in the state shall compose hut one school district for all purposes connected with the general interests of education in the township, and shall he confided to the management and control of a *351 board of education, and the several school districts and fractional parts thereof, which now are or may hereafter be established in the several organized townships of the state, shall be regarded as sub-districts, and be confided to the management and control of local directors, as hereinafter provided,” etc.
Section 6 provides:
“It shall be the duty of the school directors in each sub-district to take the management and control of its local interests and affairs, and to employ teachers, to certify the amount due them for services, to the township clerk, who shall draw an order on the township treasurer for the amount, and to dismiss any teacher, at any time, for such reasons as they may deem sufficient,” etc.
Section 7 provides:
“It shall be the duty of the directors, in their respective sub-districts, to negotiate and make, under such rules and regulations as the township board of education may prescribe, all necessary contracts in relation to providing fuel for schools, repairing, building or furnishing school houses, purchasing or leasing school house sites, renting school rooms, and making all other provisions necessary for the convenience and prosperity of schools within their sub-districts,” etc.
Section 11 provides :
“ The said township board of education in each township of the state, and their successors in office, shall be a body politic and corporate in law; and as such, may contract and' be contracted with, sue and be sued, plead and bo impleaded, in any court of law or equity in this state, and may receive any gift, grant, donation or devise, made for the use of any school or schools within their jurisdiction; and, moreover, they shall be and hereby are invested in their corporate capacity with the title, care and custody of all school houses, school house sites, school libraries, apparatus or other property belonging to the school districts as now organized, or which may hereafter be organized within the limits of their jurisdiction, with full power to control the same in such manner as they may think will best subserve the interests of common schools and the cause of education; and when, in the opinion of the board, any school house or school house site has become unnecessary, they may sell and convey the same in the name of the township board of education of the proper township ; * * * * * and all conveyances of real estate which may be made to said board, shall be to said board in their corporate name and to their successors in office.”
Section 13 provides:
“ That, * * * * * it shall be the duty of said board of education to exercise all the powers conferred on local directors in respect to sub-district schools, whenever such local directors shall neglect to discharge their duties in any sub-district as required by this act,” etc.
Section 14 provides:
“ The said board shall prepare, or cause to be prepared, a map of their town *352 ship, as often as they deem necessary, on which shall be designated the sub-districts of the township, which they may change or alter at any regular session, and the number of scholars assigned to each; but no sub-district shall contain within its limits less than sixty resident scholars, by enumeration, except in cases where, in the opinion of the board, it is necessary to reduce the number; and it shall be the duty of the board to establish a school in each sub-district of the township, of such grade as the public good in their opinion may require; and in the location of primary schools, or schools of higher grade, the board shall have reference to population and neighborhood, paying due regard to any school house already built, or site procured, as well as to all other circumstances proper to be considered, so as to promote the best interests of schools.”
These are the only clauses of the statute to which our attention has been called in argument, and it is believed they are the only ones which have a bearing upon the point in question. And it must be admitted that they are not very specific nor entirely satisfactory in their provisions. Net when we take into consideration the fact that this act abolished and superseded a system of independent local school districts within the township, and look at its genera,! scope and policy, it is evident that the legislature intended to render the powers and duties of the local directors subordinate, in no inconsiderable degree, to the authority and discretion of the township board.
By the eleventh section, “ the title, care and custody of all school houses and school house sites, with full power to control the same,” are vested in the township board; and by the fourteenth section, it is made the duty of the township board to “ establish a school in each sub-district,” and, “in the location of primary” and other “schools,” they are to have reference to population, neighborhood, to school houses already'built, “ as well as all other circumstances proper to be considered.” Now, in order to the exercise of the power herein granted; to exercise the care, custody and control of school houses and school house sites; in order to establish a school in each sub-district, and to do anything “ in the location ” of the same, and in order to prevent a conflict of authority which would be productive of anarchy and its consequent mischiefs, it seems to us necessary that the township board should have the power to *353 designate the particular place where school houses shall be built, and where schools shall be kept, and that this power, if not expressly conferred, follows by fair and reasonable implication from the grants of power expressly made.
By section 11, power is expressly conferred on the township board “ to sell and convey any school house or school house siteand we think that when the local directors persisted in building a school house, and keeping up a school on the old site, and in refusing to build upon the new site, after the township board had notified them of its resolution to sell the former, and after it had required and directed them to build upon the latter, they were guilty of a degree, not only of neglect, but of insubordination, which justified the board in assuming all the powers and duties which would otherwise have devolved upon the local directors.
We are of opinion, therefore, that the relator, on the agreed statement of facts, is entitled to be paid his wages out of the township treasury, on the order of the township board; that when such order was presented to the defendant, he ought to have paid it; and that, provided the facts remain substantially as agreed on in the present case, it ought now to he paid, on presentation, by his successor.
But, it appears that, before the issuing and service of the alternative writ in this case, the defendant’s term of office as township treasurer expired, and, a successor having been elected and qualified, he paid over to that successor all the public funds in his hands. This seems to have been done in good faith. He is proceeded against in his official capacity, to reach funds in his hands belonging to the public; and we are clear that, under these circumstances, the fact that he has paid over all such funds to his lawful successor, is a good defense to this writ, and that the relator must be left to assert his rights against the defendant’s successor in office.

Motion for peremptory mandamus overruled.

Swan, Scott and Sutlle'I', JJ., concurred.
23